[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12942
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-81050-KAM

ANDREA LIEBERMAN,
individually and on behalf of all others similarly situated,

       Plaintiff - Appellant,

versus

UNITED HEALTHCARE INSURANCE CO.,

       Defendant - Appellee.
_____

No. 10-13222
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cv-81050-KAM

ANDREA LIEBERMAN,
individually and on behalf of all others similarly situated,

       Plaintiff - Appellee,

versus

UNITED HEALTHCARE INSURANCE CO.,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 4, 2011)

Before TJOFLAT, CARNES, and WILSON, Circuit Judges.

PER CURIAM:

This is an ERISA case.  Andrea Lieberman's complaint alleges that United

Healthcare Insurance Company ("United") inappropriately denied her claim for

out-of-network benefits under her employer's group health insurance plan.  The

district court disagreed and granted United's motion to dismiss Lieberman's

complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

may be granted.[1]  *See* Fed. R. Civ. P. 12(b)(6).  Lieberman now appeals.

Lieberman challenges the method United used to calculate a non-network

benefit for a medical procedure received by her daughter from a doctor who had

not agreed to join United's provider network or to accept the discounted rates

United  pays network providers.  Although the Plan permits Lieberman to obtain

---

[1]The court denied Lieberman's motion to alter or amend judgment, or for leave to file an amended complaint.  We find no error in the court's ruling.

reimbursement for healthcare services she and her family receives from a non-participating provider, the Certificate of Coverage specifically confers on United the discretion to choose from among four specified methodologies for calculating the eligible expenses. In Lieberman's view, United improperly and arbitrarily picked a reimbursement methodology that operated to minimize its financial responsibility, and as a result, she was left financially responsible for $9,763.16 of a $10,000 service. However, we agree with the district court that the Certificate expressly affords United the discretion to calculate reimbursement based on a percentage of the relevant Medicare rate and that United had no obligation to select an alternative reimbursement methodology that would have yielded a higher reimbursement to Lieberman. As the district court correctly stated, Lieberman "is asking the Court to rewrite the Certificate and prevent [United] from exercising the discretion granted to it under the Plan."

Therefore, after carefully reviewing the briefs and the record, we find meritless Lieberman's challenge to the dismissal with prejudice of Counts I and IV of her complaint, and we dismiss as moot United's cross-claim that Lieberman failed to exhaust her administrative remedies.

**AFFIRMED AND DISMISSED.**